UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____

IN RE: YASMIN AND YAZ (DROSPIRENONE)   )   3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND          )   MDL No. 2100
PRODUCTS LIABILITY LITIGATION           )
_____   ORDER

**This Document Relates to:**

*Rebecca Burgess v. Bayer HealthCare Pharmaceuticals, Inc., et al.*
No. 3:11-cv-10187-DRH-PMF

*Kayla Carrico v. Bayer HealthCare Pharmaceuticals, Inc., et al.*
No. 3:11-cv-10191-DRH-PMF

*Brittany Garcia v. Bayer HealthCare Pharmaceuticals, Inc., et al.*
No. 3:10-cv-12291-DRH-PMF

*Erica Tillman v. Bayer HealthCare Pharmaceuticals, Inc., et al.*
No. 3:10-cv-11794-DRH-PMF

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Bayer HealthCare Pharmaceuticals Inc. ("Bayer") motion, pursuant to Case Management Order 12 ("CMO 12"),[1] for an Order dismissing plaintiffs' claims, in the above-captioned matters, without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[2]

---

[1] The parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

[2] Bayer filed identical motions and exhibits in each of the above captioned member actions. For ease of reference, the Court cites the document number and exhibits in the first member action listed on the caption, *Rebecca Burgess v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:11-cv-10187-DRH-

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, Plaintiffs in the above-captioned matters were to have served completed PFSs on or before May 16, 2011. *See* Exhibit A. Per Section E of CMO 12, Notice of OverdueDiscovery was sent on or before June 10, 2011. *See* Exhibit B.As of today's date, plaintiffs in the above-captioned matters still have not served completed PFSs. Plaintiffs' completed PFSs are thus more than two months overdue.

Under Section E of CMO 12, **plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from July 12, 2011, to file a response either certifying that they served upon defendants and defendants

---

PMF(Doc. 6 and Exhibits attached thereto). The motion to dismiss also sought dismissal of *LavadaMoldenhauer v. McKesson Corp., et al.* No. 3:10-cv-20370-DRH-PMF. This case, however, was subsequently dismissed and closed pursuant to the parties' stipulation of dismissal without prejudice filed on July 22, 2011 (*Moldenhauer*3:10-cv-20370 Doc. 17). The same is true with regard to *Jackie Robinson v. Bayer HealthCare Pharmaceuticals, Inc., et al.*No. 3:10-cv-12218-DRH-PMF (*Robinson* 3:10-cv-12218 Doc. 9).

received a completed PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.[3]

To date, none of the plaintiffs in the above captioned member actions has filed a response. Because the Plaintiffs in the above captioned cases have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12.

---

[3] Responses to Bayer's motion to dismiss were due 14 days from July 12, 2011 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**. *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

Accordingly, the Court hereby **ORDERS** as follows:

- The **above captioned member actions** are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the requirements of CMO 12.
- **Further,** the Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a<u>Dismissal With Prejudice</u> upon defendants' motion**.

**SO ORDERED**

David R. Herndon
2011.08.04 17:49:04
-05'00'

**Chief Judge**  Date: August 4, 2011
**United States District Court**